IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELINA ADOPTION SERVICES, INC., | |
| Plaintiff, | |
| v. | 1:06-cv-2288-WSD |
| CAROLINA ADOPTION SERVICES, INC., and ABC ADOPTION SERVICES, INC. | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Defendants Carolina Adoption Services Inc. and ABC Adoption Services, Inc.'s ("Defendants") Motion to Dismiss, or Alternatively, to Transfer [4] ("Motion") and Defendants' Motion for Hearing [5].[1]

**I.   BACKGROUND**

---

[1] Defendants request a hearing on their Motion. The Court finds the parties have had sufficient opportunity to brief the issues presented by the pending motions and that a further hearing will not be helpful to the Court. See L.R. 7.1E, N.D.Ga. ("Motions will be decided by the court without oral hearing, unless a hearing is ordered by the court."). Defendants' Motion for Hearing is therefore **DENIED**.

This case involves a business dispute between Plaintiff, a child adoption agency specializing in facilitating adoptions from Russia to the United States, and Defendants, child adoption agencies which approve adoptive placements of Russian children. Plaintiff claims that Defendants published defamatory information about Plaintiff's business and interfered with its contractual relationships to extort money and acquire contracts with Plaintiff's customers.

The parties entered into a written Agency Agreement (the "Agreement") governing their business relationship. Paragraph 5 of the "Additional Obligations" section contains a forum selection clause:

> This Agreement and all rights, obligations and disputes arising out of it shall be governed by and construed consistent with North Carolina law. The parties agree that venue for any dispute arising under this Agreement shall be in Guilford County, North Carolina.

(Agreement, attached to Compl. [1], at ¶ 5.)

On September 21, 2006, Plaintiff filed this action, asserting claims for breach of contract, defamation, tortious interference with business relationship, attorney's fees, and punitive damages. On November 17, 2006, Defendants filed this Motion. (Mot. to Dismiss or Transfer [4].) Relying on the forum selection clause, Defendants argue that venue in the Northern District of Georgia is improper and

that the Court does not have subject matter jurisdiction in this case.  Defendants argue that proper venue is the Middle District of North Carolina–the location of Greensboro, Guilford County, North Carolina.  Plaintiff argues the Court should not enforce the forum selection clause because it would be unreasonable to require Plaintiff to travel to North Carolina to pursue its claims against Defendants.

## II. DISCUSSION

The Eleventh Circuit sets forth "the following principles . . . for consideration of whether a case should be removed to another jurisdiction pursuant to a forum selection clause":

> 1. Forum selection clauses are enforceable in federal courts.
>
> 2. Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404 (a) . . . not state law.
>
> 3. The burden is on the party opposing enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute.
>
> 4. The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general.

> 5.  Under § 1404 (a), the court should consider the convenience of parties and witnesses and the interest of justice, with a choice of forum clause a significant factor that figures centrally in the district court's calculus. . . .
>
> 6.  By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen.
>
> 7. The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause. . . .

P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807-08 (11th Cir. 2003) (internal citations and quotations omitted).  Where a valid choice of forum clause exists, there is "no reason why a court should accord deference to the forum in which plaintiff filed its action.  Such deference . . . would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system."  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).   Forum selection clauses are enforceable if they are "freely and fairly negotiated by experienced business professionals" and in the absence of "fraud, duress, misrepresentation, or other misconduct that would bar the clause's enforcement" or "intervening and unexpected occurrences between the contract's formation and the

-4-

filing of the suit [such that] the contract's purpose would be frustrated if [the clause was enforced]." Id. at 573-74.

Accordingly, this Court considers first whether the forum selection clause in the Agreement is enforceable. If it is, the Court then considers whether Plaintiff has met its burden to show that a transfer to North Carolina would be sufficiently inconvenient to overcome the presumption created by the Agreement.

Although Plaintiff argues that it is not a sophisticated business and did not negotiate the Agreement prior to signing, it does not contend that the forum selection clause at issue here is unenforceable. Plaintiff does not contend that any fraud, duress, or misrepresentation occurred during the Agreement's formation or that an intervening and unexpected event frustrates the Agreement's purpose.

Because the Agreement presumably is enforceable, Plaintiffs must show that transfer to North Carolina "will be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972). A motion to transfer under § 1404 (a) "calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause . . . will be a significant factor that figures centrally in the court's calculus." Stewart Organization, Inc. v.

Ricoh Corp., 487 U.S. 22, 29 (1988). Other factors, such as the convenience of the forum and the parties' relative bargaining power, must be considered in light of "the parties' expressed preference for that venue." Id. Although such other factors "might 'conceivably' militate against a transfer . . . the venue mandated by a choice of forum clause rarely will be outweighed by other 1404 (a) factors." In re Ricoh Corp., 870 F.2d at 573. Where a forum selection clause exists, Plaintiffs' choice of venue–usually a strong factor opposing transfer–is not accorded deference. Id.

> Section 1404 (a) factors include:
>
> > (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Plaintiff argues that North Carolina is an inconvenient forum because this case involves "several neutral witnesses that reside in Georgia" and that these individuals will be "essential witnesses" at trial. Plaintiff, however, offers no

explanation of how these witnesses are essential or what information they will contribute.  In fact, Plaintiff offers only two affidavits of potential client witnesses, and they provide no specific information relevant to Plaintiff's claims.  Both witnesses simply state they initially were Plaintiff's clients and were later informed that Plaintiff could not do business anymore.  (Hardin Aff., attached to Compl. as Ex. 2; Hopson Aff., attached to Compl. as Ex. 3.)  This case will largely turn on the facts contributing to the parties' failed business relationship.  While Plaintiff's clients may have information relevant to some of Plaintiff's claims, there is no evidence that they are particularly essential or more important than the information possessed by the parties themselves–in fact, the affidavits support the opposite conclusion.  The Court is not convinced that North Carolina is an overly inconvenient forum for the majority of witnesses in this case.

Plaintiff also argues that it lacks the resources to litigate in North Carolina.  Besides the fact that Plaintiff provides no evidence of its financial condition, the financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause.

The burden is on the party opposing enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify

retention of the dispute.  Plaintiff has not shown that a transfer to North Carolina would be so inconvenient as to deprive it of its day in court.  While the North Carolina forum may be less convenient for Plaintiff, and possibly for some of the witnesses anticipated to be called in this dispute, that inconvenience is outweighed by Plaintiff's express agreement to litigate in a specified forum.  In the absence of a showing that transfer would, through inconvenience or otherwise, deprive Plaintiffs of a fair adjudication of their dispute, the Court will enforce the forum selection clause.[2]

## III.   CONCLUSION

For the foregoing reasons,

---

[2] Defendants also argue that this Court does not have subject matter jurisdiction over this case. (Motion, at 6.)  "Rule 12(b)(1) attacks on subject matter jurisdiction can come in two forms.  Facial attacks require the court to evaluate the complaint to see whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction; the allegations are taken as true for purposes of the motion.  Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings."  5th Bedford Pines Apts., Ltd. v. Brandon, 262 F. Supp. 2d 1369, 1374 (N.D. Ga. 2003) (quotations and citations omitted).  Plaintiff's Complaint claims jurisdiction pursuant to 28 U.S.C. § 1332 and alleges that the parties are citizens of different states and the amount in controversy exceeds $75,000.  (Compl. [1], at ¶ 13.)  While Defendants argue that Plaintiff's claim for damages is "speculative at best and certainly [does] not meet the jurisdictional amount," they do not offer facts supporting their assertion.  Plaintiff alleges that its business is no longer operational due to acts of Defendants.  Without more evidence, at this time, the Court finds that Plaintiff has sufficiently alleged diversity jurisdiction.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or Alternatively, to Transfer [4] is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion to Transfer is **GRANTED** and this action is transferred to the Middle District of North Carolina for resolution. Defendants' Motion to Dismiss is **DENIED**. The Clerk of Court is **DIRECTED** to process this matter for transfer to that judicial district. Defendant's Motion for Hearing [5] is **DENIED**.

**SO ORDERED**, this 5th day of March, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE